IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS S. BOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| vs. | ) | |
| | ) | |
| LENN WOOD, Sheriff of Coweta | ) | 1:21-cv-02279-MHC |
| County, Georgia, a political subdivision | ) | |
| of the State of Georgia; | ) | |
| JOHN TAYLOR COLLINS, individually | ) | |
| and in his official capacity as a former | ) | |
| Deputy Sheriff for Coweta County, | ) | |
| Georgia; | ) | |
| CHRISTIAN SPINKS, individually and | ) | |
| in his official capacity as a Deputy | ) | |
| Sheriff for Coweta County, Georgia; and | ) | **Jury Trial Demanded** |
| JON HOUSE, individually and in his | ) | |
| official capacity as a former Deputy | ) | |
| Sheriff for Coweta County, Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS WOOD, COLLINS, AND HOUSE'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants LENN WOOD, JOHN TAYLOR COLLINS, and

JON HOUSE (hereinafter "Defendants") and file and serve their Answer and

Defenses to Plaintiff's Complaint for Damages, showing this Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state or set forth claims against Defendants upon which relief can be granted.

## SECOND DEFENSE

As a Second Defense, Defendants answer the numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

### 1.

These Defendants admit that Plaintiff purports to bring a civil rights action under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Georgia law. However, these Defendants deny any and all liability to Plaintiff and they further deny that Plaintiff is entitled to any relief.

### 2.

The allegations set forth in Paragraph 2 are statements of law requiring no response from these Defendants.  To the extent further response is required, these Defendants admit that this Court has original jurisdiction over claims arising under the Constitution and laws of the United States. These Defendants further admit that 28 U.S.C. § 1367 provides for supplemental jurisdiction over related claims in some circumstances. These Defendants deny any and all liability to Plaintiff and they further deny that Plaintiff is entitled to any relief.

3.

The allegations set forth in Paragraph 3 are statements of law requiring no response from these Defendants.  To the extent a response is required, these Defendants admit that one or more Defendants reside in the Atlanta Division of the Northern District of Georgia.

<u>PARTIES</u>

4.

Defendants admit that Lenn Wood is the Coweta County Sheriff and that his office is located at 560 Greison Trail, Newnan, Georgia 30263. Responding further, the remaining allegations set forth in paragraph 4 are a statement of law requiring no response from these Defendants.

5.

These Defendants admit that Defendant Collins was employed by the Coweta County Sheriff's Office on June 30, 2019 and that he currently is employed at Honda of Newnan.  These Defendants further respond that the remaining allegations set forth in paragraph 5 are statements of law requiring no response from these Defendants.

6.

These Defendants admit that Defendant Spinks is employed by the Coweta County Sheriff's Office. These Defendants state that whether Defendant Spinks

{Firm/126/00177/DRAFTS/03091889.DOCX }

acted under color of law is a question of law that does not require a response from these Defendants.   Responding further, the remaining allegations set forth in paragraph 6 are denied.

7.

These Defendants admit that Defendant House was employed by the Coweta County Sheriff's Office on June 30, 2019. These Defendants further respond that the remaining allegations set forth in paragraph 7 are statements of law requiring no response from these Defendants.

8.

These Defendants state that whether these Defendants acted under color of law and within the scope and course of their employment are questions of law that does not require a response from these Defendants.

FACTS

9.

Defendants incorporate herein by reference as if fully set forth herein their responses to paragraphs 1 through 8 of Plaintiff's Complaint.

10.

These Defendants can neither admit nor deny the allegations contained in paragraph 10 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

{Firm/126/00177/DRAFTS/03091889.DOCX }

11.

These Defendants can neither admit nor deny the allegations contained in paragraph 11 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

12.

These Defendants admit that on June 29, 2019, Coweta County Deputy Sheriff Thompson conducted a status check on a vehicle that was parked behind the Tomato Buffet. Responding further, these Defendants can neither admit nor deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

13.

These Defendants can neither admit nor deny the allegations contained in paragraph 13 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

14.

These Defendants can neither admit nor deny the allegations contained in paragraph 14 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

{Firm/126/00177/DRAFTS/03091889.DOCX }

15.

These Defendants admit that Deputy Collins asked Plaintiff for his driver's license, and that, after Plaintiff refused, Deputy Collins requested Plaintiff to exit the vehicle. Responding further, these Defendants can neither admit nor deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

16.

These Defendants admit the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

These Defendants admit that Deputy House told the Plaintiff that he was loitering. These Defendants also admit that Deputy House told Plaintiff he was committing the crime of obstruction because of the Plaintiff's repeated refusal to comply with directions. These Defendants admit Deputy House told Plaintiff that he "can either get out and talk to us or we can take you out and go to jail; it's your choice. You've got one chance to get out or you're going to jail." Responding further, these Defendants deny the remaining allegations contained in paragraph 17. These Defendants expressly deny that Deputy House threatened Plaintiff or that

- 6 -

Deputy House or Deputy Collins stated that "because he would not immediately step out of his car, he was obstructing an investigation" as stated in paragraph 17.

18.

These Defendants admit that Plaintiff eventually grabbed his license. Responding further, these Defendants can neither admit nor deny the remaining allegations regarding whether Plaintiff was wearing shoes, whether Plaintiff explained his encounter with Deputy Thompson to Deputy Collins or House, or the characterization of their response to this alleged explanation, and they put Plaintiff upon strict proof of same. Responding further, the remaining allegations set forth in paragraph 18 are denied.

19.

These Defendants admit that Mr. Bolton is an African American male, and that Deputy Collins and Deputy House are white males. Responding further, these Defendants deny that their conduct was aggressive. These Defendants can neither admit nor deny the remaining allegations contained in paragraph 19 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of same.

{Firm/126/00177/DRAFTS/03091889.DOCX }

20.

These Defendants admit that Plaintiff fled the parking lot after refusing repeated requests to exit the vehicle.  Responding further, these Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

These Defendants admit that Plaintiff fled in his vehicle through the parking lot and turned left onto Highway 34.

22.

These Defendants admit that Deputy Collins and Deputy House followed Plaintiff's vehicle and radioed dispatch for assistance.

23.

These Defendants admit that Deputy Collins performed a Pursuit Intervention Technique ("PIT") on Plaintiff's vehicle, which cause Plaintiff's vehicle to spin 180 degrees. Responding further, these Defendants admit that Plaintiff's vehicle stopped when it struck the front of Deputy Collins' SUV. Responding further, these Defendants deny the remaining allegations contained in paragraph 23.

24.

These Defendants admit that the front of Plaintiff's vehicle made contact with the front of Deputy Collins' vehicle a few seconds after Deputy Collins performed

the PIT maneuver. Responding further, these Defendants deny the remaining allegations contained in paragraph 24.

25.

These Defendants deny as stated the remaining allegations contained in paragraph 25.

26.

These Defendants deny as stated the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

These Defendants deny the allegations contained in paragraph 27.

28.

These Defendants deny the allegations contained in paragraph 28.

29.

These Defendants admit that Deputy Collins exited his vehicle.

30.

These Defendants admit Deputy Collins fired his gun at Mr. Bolton, striking him in the head, while standing to the side of his vehicle.  Responding further, these Defendants deny the remaining allegations contained in paragraph 30.

31.

These Defendants admit that Deputy Spinks was in his vehicle when the subject incident occurred. Responding further, these deny the remaining allegations of paragraph 31.

32.

These Defendants deny the allegations set forth in paragraph 32.

33.

These Defendants deny the allegations set forth in paragraph 33.

34.

These Defendants deny the allegations set forth in paragraph 34.

35.

These Defendants deny the allegations set forth in paragraph 35.

36.

These Defendants deny the allegations set forth in paragraph 36. Responding further, these Defendants expressly deny that Deputy Spinks had any interaction whatsoever with Plaintiff prior to Deputy Collins' discharging his weapon.

37.

These Defendants deny the allegations set forth in paragraph 37.

38.

These Defendants deny the allegations set forth in paragraph 38.  These Defendants expressly deny that Deputy Collins had knowledge of whether Plaintiff was armed at any point during his interaction with Plaintiff on June 30, 2019.

39.

These Defendants deny the allegations set forth in paragraph 39.

40.

These Defendants deny the allegations set forth in paragraph 40.  These Defendants expressly deny that Deputy House had knowledge of whether Plaintiff was armed at any point during his interaction with Plaintiff on June 30, 2019.

41.

These Defendants admit the allegations contained within paragraph 41.

42.

These Defendants admit the allegations contained within paragraph 42.

43.

These Defendants admit the allegations contained within paragraph 43.

44.

These Defendants admit the allegations of paragraph 44.

45.

These Defendants admit the allegations of paragraph 45.

46.

These Defendants admit the allegations of paragraph 46.

47.

These Defendants admit the allegations of paragraph 47.

48.

These Defendants admit that Plaintiff's vehicle was searched after the subject incident occurred. Responding further, these Defendants deny that the Coweta County Sheriff's Office concluded that there were no deadly weapons after searching Plaintiff's vehicle.

49.

These Defendants deny the allegations contained within paragraph 49.

50.

These Defendants admit that Deputy House's vehicle was stopped, touching Plaintiff's vehicle at the time of the subject incident.

51.

These Defendants admit that Deputy Spinks' vehicle was stopped, touching Plaintiff's vehicle at the time of the subject incident.

52.

These Defendants admit that Deputy Collins' vehicle was stopped, touching Plaintiff's vehicle at the time of the subject incident.

53.

These Defendants admit the allegations contained within paragraph 53.

54.

These Defendants deny the allegations contained within paragraph 54.

55.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's injury and put Plaintiff on strict proof of same. These Defendants deny the remaining allegations of paragraph 55.

56.

These Defendants admit that Plaintiff did not move and was slumped in his vehicle after Deputy Collins discharged his weapon. These Defendants, deny the remaining allegations contained within paragraph 56.

57.

These Defendants admit the allegations contained within paragraph 57.

{Firm/126/00177/DRAFTS/03091889.DOCX }

58.

These Defendants admit that Coweta County Deputies pulled Plaintiff from his vehicle. These Defendants, deny the remaining allegations contained within paragraph 58. These Defendants expressly deny that anyone allowed Plaintiff to fall uncontrollably onto the ground and that the subject incident occurred in a concrete parking lot.

59.

These Defendants admit that Plaintiff stated that his shoulder hurt and that he asked to sit up. These Defendants deny the remaining allegations contained within paragraph 59, as stated. In further response, these Defendants expressly deny that Deputy Spinks used unnecessary or unreasonable force, that Deputy Spinks kneeled on Plaintiff's back and neck, and that Deputy Spinks pinned Plaintiff to the concrete.

60.

These Defendants deny that Deputy Spinks used unnecessary or unreasonable force. These Defendants also deny that the actions alleged in paragraph 60 occurred.

61.

These Defendants admit that Deputy House was at the scene after the subject incident occurred. These Defendants deny the remaining allegations of paragraph 61. In further response, these Defendants deny that Deputy Spinks used unnecessary

- 14 -

or unreasonable force by handcuffing Plaintiff.  These Defendants also deny that the actions described in paragraph 61 related to Plaintiff's handcuffing occurred.

62.

These Defendants deny the allegations contained within paragraph 62.

63.

These Defendants admit that Plaintiff was not allowed to sit up because the Coweta County deputies were rendering first aid.

64.

These Defendants admit that they were unable to provide the Plaintiff with water because they were rendering first aid. These Defendants admit that Deputy Collins requested and received a bottle of water at the scene.

65.

These Defendants deny that Coweta County deputies failed to provide medical care to Plaintiff. In further response, these Defendants deny that Deputy Spinks used unnecessary or unreasonable force. These Defendants also deny paragraph 65 insofar as the actions allegedly taken by Deputy Spinks did not occur.

66.

These Defendants admit the allegations contained within paragraph 66.

{Firm/126/00177/DRAFTS/03091889.DOCX }

67.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 67 and put Plaintiff on strict proof of same.

68.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 68 and put Plaintiff on strict proof of same.

69.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 69 and put Plaintiff on strict proof of same.

70.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 70 and put Plaintiff on strict proof of same. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

71.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 71 and put

Plaintiff on strict proof of same. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

72.

These Defendants deny the allegations contained within paragraph 72.

73.

Plaintiff's allegation in the first sentence of paragraph 73 regarding actions that can be deemed to be the official policy of Sheriff Wood is a statement of law requiring no response from these Defendants. These Defendants deny the remaining allegations of paragraph 73.  These Defendants further deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

74.

These Defendants deny the allegations contained within paragraph 74.

75.

The allegations set forth in paragraph 75 are a statement of law requiring no response from these Defendants. To the extent a response is required from these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

76.

These Defendants deny the allegations set forth in paragraph 76. They further deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

77.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations contained within paragraph 77 and put Plaintiff on strict proof of same. Responding further, these Defendants admit that Plaintiff has attached Exhibit 1 to his Complaint. Defendants aver that Exhibit 1 speaks for itself.

78.

These Defendants respond that they are without sufficient knowledge or information to admit or deny the allegations contained within paragraph 78 and put Plaintiff on strict proof of same.

79.

The allegations set forth in paragraph 79 are a statement of law requiring no response from these Defendants. To the extent a response is required from these Defendants, they are without sufficient knowledge or information to admit or deny the allegations contained within paragraph 79 and put Plaintiff on strict proof of same.

## COUNT I

**Fourteenth Amended Excessive Force Claim**

*(Against Defendants Collins, Spinks, and House)*

80.

Defendants incorporate herein by reference as if fully set forth herein their responses to paragraphs 1 through 79 of Plaintiff's Complaint.

81.

The allegations regarding the Fourteenth Amendment are a statement of law requiring no response from these Defendants.  Responding further, these Defendants deny that their actions violated the Fourteenth Amendment. They further deny that Plaintiff has stated a claim under the Fourteenth Amendment.

82.

These Defendants deny the allegations contained within paragraph 82. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

83.

These Defendants deny the allegations contained within paragraph 83. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

{Firm/126/00177/DRAFTS/03091889.DOCX }

84.

These Defendants deny the allegations contained within paragraph 84. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

85.

These Defendants deny the allegations contained within paragraph 85. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants deny that their actions violated the Fourteenth Amendment.

86.

These Defendants deny the allegations contained within paragraph 86. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants deny that their actions violated the Fourteenth Amendment.

87.

Plaintiffs' allegation regarding whether the law was clearly established is a statement of law requiring no response from these Defendants. These Defendants deny all remaining allegations of paragraph 87. These Defendants deny that their actions violated the Fourteenth Amendment.

88.

These Defendants deny the allegations contained within paragraph 88. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants deny that their actions violated the Fourteenth Amendment.

## **COUNT II**

### **Fourteenth Amended Supervisory Liability Claim**

*(Against Defendant Wood)*

89.

Defendants incorporate herein by reference as if fully set forth herein their responses to paragraphs 1 through 88 of Plaintiff's Complaint. These Defendants object to this improper shotgun pleading to the extent this incorporation includes irrelevant factual allegations and legal conclusions. *See* Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

90.

These Defendants deny the allegations contained within paragraph 90.

91.

These Defendants deny the allegations contained within paragraph 91.

92.

These Defendants deny the allegations contained within paragraph 92.

- 21 -

93.

These Defendants admit that on June 30, 2019, Deputy Collins was on his 12-month new hire working test period.

94.

These Defendants admit that, prior to the subject incident, Defendant Collins had sustained a one-day suspension in connection with an off-duty incident.

95.

These Defendants deny the allegations contained within paragraph 95, as stated.

96.

These Defendants admit that an internal investigation was conducted following the June 30, 2019, shooting. These Defendants deny the remaining allegations contained within paragraph 96.

97.

These Defendants deny the allegations contained within paragraph 97, as stated.

98.

Plaintiff's allegation regarding whether the law was clearly established is a statement of law requiring no response from these Defendants. To the extent a

- 22 -

response is required, these Defendants deny all remaining allegations of paragraph 98.

99.

Plaintiff's allegations regarding whether Defendant Wood is liable for violating the Fourteenth Amendment and whether he is entitled to qualified immunity are statements of law requiring no response from these Defendants. To the extent a response is required, these Defendants deny all allegations of paragraph 99. Responding further, these Defendants deny that their actions violated the Fourteenth Amendment. These Defendants also assert that they are entitled to qualified immunity.

100.

These Defendants deny the allegations contained within paragraph 100.

## COUNT III

### Assault and Battery

*(Against Defendants Collins, Spinks, and House)*

101.

Defendants incorporate herein by reference as if fully set forth herein their responses to paragraphs 1 through 100 of Plaintiff's Complaint. These Defendants object to this improper shotgun pleading to the extent this incorporation includes

irrelevant factual allegations and legal conclusions. *See* Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

102.

These Defendants deny the allegations contained within paragraph 102.

103.

These Defendants admit that Plaintiff was unresponsive for a few moments after the subject incident. These Defendants deny the remaining allegations contained within paragraph 103.  Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

104.

These Defendants deny as stated the allegations contained within paragraph 104.  Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants also deny that the actions described in paragraph 104 occurred.

105.

These Defendants deny the allegations contained within paragraph 105. Responding further, these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants also deny that the actions described in paragraph 105 occurred.

{Firm/126/00177/DRAFTS/03091889.DOCX }

106.

These Defendants admit that Defendant House was present at the scene, but they deny the remaining allegations of paragraph 106. To the extent a response is required from these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

107.

These Defendants admit that Defendant House was present at the scene, but they deny the remaining allegations of paragraph 107. To the extent a response is required from these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

108.

These Defendants admit that Defendant House was present at the scene, but they deny the remaining allegations of paragraph 108. To the extent a response is required from these Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff. These Defendants also deny that the actions described in paragraph 108 occurred.

109.

These Defendants admit that Plaintiff was not allowed to sit up because the Coweta County deputies were rendering first aid.

110.

These Defendants admit that they were unable to provide the Plaintiff with water because they were rendering first aid.

111.

These Defendants deny that Coweta County deputies failed to provide medical care to Plaintiff.

112.

These Defendants, they are without sufficient knowledge or information to admit or deny the allegations contained within paragraph 112 and put Plaintiff on strict proof of same.

113.

These Defendants, they are without sufficient knowledge or information to admit or deny the allegations contained within paragraph 113 and put Plaintiff on strict proof of same. These Defendants, they deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

114.

These Defendants deny the allegations contained within paragraph 114. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

{Firm/126/00177/DRAFTS/03091889.DOCX }

## **COUNT IV**

### **Punitive Damages**

*(Against All Defendants)*

115.

Defendants incorporate herein by reference as if fully set forth herein their responses to paragraphs 1 through 114 of Plaintiff's Complaint. This Defendant objects to this improper shotgun pleading to the extent this incorporation includes irrelevant factual allegations and legal conclusions. *See* Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

116.

These Defendants deny the allegations contained within paragraph 116. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

117.

These Defendants deny the allegations contained within paragraph 117. Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

{Firm/126/00177/DRAFTS/03091889.DOCX }

## CLAIMS FOR DAMAGES

1.

These Defendants deny the allegations contained within paragraph 1 of Plaintiff's "Claims for Damages." Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

2.

These Defendants deny the allegations contained within paragraph 2 of Plaintiff's "Claims for Damages." Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

3.

These Defendants deny the allegations contained within paragraph 3 of Plaintiff's "Claims for Damages." Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

4.

These Defendants deny the allegations contained within paragraph 4 of Plaintiff's "Claims for Damages." Responding further, these Defendants deny that

{Firm/126/00177/DRAFTS/03091889.DOCX }

they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

5.

These Defendants deny the allegations contained within paragraph 5 of Plaintiff's "Claims for Damages." Responding further, these Defendants deny that they committed any wrongful acts, and they further deny any and all liability to Plaintiff.

---------

Defendants deny the allegations contained in the unnumbered "WHEREFORE" paragraph, and its subparts, of Plaintiff's Complaint. Defendants further deny that they are liable to Plaintiff and that Plaintiff is entitled to any relief from Defendants.

All other allegations in Plaintiff's Complaint not specifically responded to are hereby denied.

## **THIRD DEFENSE**

These Defendants assert each affirmative defense to the extent applicable as set out in Rule 8(c) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Plaintiff's federal claims against Defendants in their individual capacity are barred by the doctrine of qualified immunity. The individual Defendants also are entitled to official immunity from Plaintiff's state law claims.

## FIFTH DEFENSE

Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment.

## SIXTH DEFENSE

To the extent allowed by law, Defendants in their official capacity are entitled to sovereign immunity from the state law claims asserted against them.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, these Defendants assert that the matters in question and Plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than these Defendants.

## EIGHTH DEFENSE

These Defendants assert each and every defense set forth in O.C.G.A. § 9-11-8 to the extent applicable.

{Firm/126/00177/DRAFTS/03091889.DOCX }

## NINTH DEFENSE

These Defendants did not violate any of Plaintiff's rights under any amendments to or provisions of the United States Constitution or federal laws.

## TENTH DEFENSE

These Defendants show that under all the facts and circumstances, their conduct was objective and reasonable.

## ELEVENTH DEFENSE

These Defendants assert that Plaintiff is not entitled to the requested relief.

## TWELTH DEFENSE

The claims and allegations set forth in Plaintiff's Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. §1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## THIRTEENTH DEFENSE

These Defendants deny that they produced, brought about, caused, or contributed to, in any way whatsoever, the damages complained of in Plaintiff's Complaint.

## FOURTEENTH DEFENSE

These Defendants state that they may have further and additional affirmative defenses which are not yet known to these Defendants, but which may become known through future discovery.  These Defendants specifically reserve the right to assert each and every affirmative defense as it may be ascertained through future discovery herein.

WHEREFORE, having answered fully, Defendants LENN WOOD, JOHN TAYLOR COLLINS, AND JON HOUSE respectfully request that this Court dismiss the Complaint and cast all costs against Plaintiff.

**DEFENDANTS DEMAND A TRIAL BY JURY OF 12 JURORS.**

Respectfully submitted this 24th day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email:  kwoodward@cmlawfirm.com
Direct Dial:  404-881-2623

*[signatures continue on next page]*

{Firm/126/00177/DRAFTS/03091889.DOCX }

/s/ Marisa M. Beller
Marisa M. Beller
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-2147

*Attorneys for Defendants Lenn Wood,*
*John Taylor Collins, and Jon House*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1</u>

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 24th day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed

**DEFENDANTS WOOD, COLLINS, AND HOUSE'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk

of Court using the CM/ECF system which will automatically serve an electronic

copy of same upon the following counsel of record:

| | |
|---|---|
| Daniel J. Prieto<br>Prieto, Marigliano, Holbert<br>    & Prieto, LLC<br>1555 Mount Vernon Road<br>Atlanta, GA 30338<br>dprieto@pmhplaw.com<br><br>*(Attorneys for Plaintiff)* | Kevin S. Kovalchik<br>Kevin S. Kovalchik, LLC<br>278 W. Main St.<br>Buford, GA 30518<br>kevin@ksklegal.com<br><br>*(Attorneys for Plaintiff)* |

This 24th day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez,
Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260